JAMES L. KARNS, Administrator, Division of Motor Vehicles
You have asked for my opinion regarding certain motor vehicle weight limitation statutes. Section 348.15 (2), Stats., establishes the maximum weight which may be imposed on the highway by one wheel, one axle, a group of axles, and all axles of a vehicle. Section 348.15 (3), Stats., specifies certain increased weights that may be tolerated above these maximums. Prior to a recent amendment, sec. 348.20 (3), Stats., read in part: *Page 29 
"When a vehicle or combination of vehicles is transporting livestock and a violation of a single axle or a group of axles over the limits set forth in ss. 348.15 (3) (b) or (c) and 348.16 is detected, there shall be no prosecution provided that the axles under consideration can be made legal by shifting the load but no shifting of load shall be required unless the overload is more than 1,500 pounds per axle or group of axles. * * *"
This statute provides that where a load of livestock is too heavy on one axle or a group of axles, there shall be no prosecution if the load can be shifted in such a way as to redistribute the weight so that all axle weights will be within legal tolerances. This means that it must be physically possible and practicable to shift the load upon the vehicle to accomplish this result. It is not enough that there be a mere theoretical or mathematical possibility of shifting the weight to an underloaded front axle for example. This law requires that such actual shifting take place unless the overload is no more than 1,500 pounds, in which case the shifting need not be made. However, the violation is excused only where it would be possible to make the correction by shifting the load. This requirement is not dispensed with by the additional provision that the shifting will not be required to be performed where the overload is only 1,500 pounds. This statute applied only to single axle and group axle overloads. It did not apply to an overload on all axles. Its meaning was reasonably clear.
However, this statute was amended by ch. 340, Laws of 1969, to read, in part:
"When a vehicle or combination of vehicles is transporting livestock, bulk products or peeled or unpeeled forest products cut crosswise and a violation of a single axle or a group of axles over the limits set forth in ss. 348.15 (3) (b), (c) or (d) and 348.16 is detected, there shall be no prosecution provided that the axles under consideration can be made legal by shifting the load but no shifting of load shall be required unless the overload is more than 1,500 pounds per axle or group of axles. * * *" *Page 30 
This amendment adds to sec. 348.20 (3), Stats., a reference to sec.348.15 (3) (d), Stats., which relates to an overload on all axles. The maximum load permitted on all axles is 73,000 pounds, but 77,000 pounds for certain forest products. As amended, this statute now applies to an overload on all axles as well as to overloads on single and group axles. This now creates some confusion as to the meaning of the words "can be made legal by shifting." Under the prior law-shifting obviously meant shifting the load upon the vehicle from one axle or group of axles to another. However, no amount of such shifting would change the total weight of the vehicle. Thus under the law as amended, it must have been the legislative intention to change the conception of what constitutes shifting, at least as far as total vehicle weight overload is concerned. Obviously, only partial unloading of the vehicle will correct such an overload problem.
Whatever the intention of the legislature as to how the shifting is to be accomplished, it seems clear that, since an overload of no more than 1,500 pounds does not have to be moved, the practical effect of this statutory amendment is to allow vehicles exceeding the 73,000 pound maximum (77,000 pounds in some cases) an additional 1,500 pounds without penalty. Thus the new maximum total weights are 74,500 and 78,500 pounds respectively.
It should also be pointed out that sec. 348.20 (3), Stats., is not a criminal statute which must be construed strictly in favor of an accused. It is, in fact, an exception to a criminal statute. A person claiming the benefit of such an exception must establish that he comes within it. 82 C.J.S. Statutes, § 382, at page 893. This rule is applicable in a criminal proceeding. In 22A C.J.S. Criminal Law, § 572, at pages 316, 317, it is said:
"In general, accused has the burden of proving, as a matter of defense, that he is within an exception in the statute creating the offense, at least, where such exception is not part of the enacting clause, but is a proviso thereto, or is in fact not part of the description of the offense, as where the exception is not part of the crime but operates to prevent the act otherwise included in the statute from being a *Page 31 
crime. Accordingly, the prosecution owes no duty to prove that accused is not within the exception. * * *"
RWW:AOH